IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 620-103 |
| | ) |
| U.S. ATTORNEY GENERAL; | ) |
| U.S. B.O.P.; U.S. MARSHALS; | ) |
| GDC COMMISSIONER; and | ) |
| WARDEN TREVONZA BOBBITT, | ) |
| | ) |
| Respondents. | ) |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at Georgia State Prison, in Reidsville, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

### I.      BACKGROUND

On November 3, 2020, Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requested permission to proceed *in forma pauperis* ("IFP").  (Doc. no. 2.)  However, he did not use the standard form motion to proceed IFP, and on the form Petitioner did use, he signed his name in the space reserved for an authorized prison official to verify available funds.  (Id. at 2.)  Thus, on November 5, 2020, the Court denied the IFP motion without prejudice and directed Petitioner to submit a

complete IFP motion, with supporting documentation, or pay the $5.00 filing fee.  (Doc. no. 5.)

Petitioner objected to the Court's November 5th Order, and in an order dated November 19, 2020, Chief United States District Judge J. Randal Hall overruled Petitioner's objections and ruled that if Petitioner intended to proceed with this case, he must file a complete motion to proceed IFP, with the required financial statement in support, or pay the $5.00 filing fee within fourteen days.  (Doc. no. 11.)  Judge Hall also warned Petitioner his case would be dismissed if he failed to comply with the Court's instructions.  (See id.)

## II.     DISCUSSION

### A.     The Petition Should Be Dismissed for Failure to Comply with Two Court Orders to Submit a Complete IFP Motion or Pay the Filing Fee

The time to respond to the Court's Orders has expired, and Petitioner has not submitted the filing fee or an updated IFP motion with supporting documentation. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th

Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action *sua sponte* for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to file an updated IFP motion with supporting documentation or pay the $5.00 filing fee, or even to provide the Court with an explanation for his failure to comply with the Court's prior orders, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Petitioner that a failure to respond would result in a recommendation for dismissal. Furthermore, because Petitioner requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

Because Petitioner has not paid the filing fee or submitted a proper motion to proceed IFP, the petition is subject to dismissal for Petitioner's failure to comply with the Court's November 5 and 19, 2020 Orders.

**B.     The Petition Is Frivolous**

Moreover, even if Petitioner had complied with the Court's Orders, the petition is subject to dismissal pursuant to initial review because it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1]; see also 28 U.S.C. § 2243 (requiring response to petition unless it appears applicant is not entitled to relief); McFarland v.

---

[1] See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (explaining petition from state prisoner in custody pursuant to judgment of state court subject to 28 U.S.C. §§ 2241 and 2254).

Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face. . . .")  Petitioner seeks an order from the Court to enforce a writ of habeas corpus *ad prosequendum* issued in the Middle District of Georgia on March 6, 2015, related to a federal prosecution.  United States v. Cobble, Crim. No. 5:14-CR-77, doc. no. 6 (M.D. Ga. Mar. 6, 2015).  Petitioner was, in fact, produced for those federal criminal proceedings, which resulted in entry of a judgment of conviction imposing a total sentence of 240 months in federal prison, to be served consecutively to any remaining sentence in Wilcox County, Georgia Superior Court case number 2004-CRW-73.  Id., doc. no. 766, *appeal filed*, No. 20-13166 (11th Cir. Aug. 25, 2020).

As Petitioner is currently still serving that state sentence, he cannot force himself into federal custody prior to completion of his state sentence with a specious request to enforce a years-old writ.  As the petition clearly "lacks an arguable basis either in law or fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), it is frivolous and therefore subject to dismissal even if Petitioner had submitted a complete IFP motion or paid the filing fee.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of December, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4