IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 JAN 12  P 2: 54

CLERK J. Hodge
SO. DIST. OF GA.

| | |
|---|---|
| DANIEL ERIC COBBLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 620-103 |
| | ) |
| U.S. ATTORNEY GENERAL; | ) |
| U.S. B.O.P.; U.S. MARSHALS; | ) |
| GDC COMMISSIONER; and | ) |
| WARDEN TREVONZA BOBBITT, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.  (Doc. no. 14-1.) The Magistrate Judge recommended dismissing the petition without prejudice because Petitioner did not submit a proper motion to proceed *in forma pauperis* ("IFP") or pay the filing fee, and in any event, the petition is frivolous.  (See doc. no. 12.)  Petitioner's objections do nothing to undermine the conclusion the case should be dismissed, but one objection warrants further comment.

Petitioner maintains the Magistrate Judge misunderstood the petition to request Petitioner be put in federal custody pursuant to a years-old writ.  (Doc. no. 14-1, pp. 2-3, 6, 8.) Rather, Petitioner claims he is asking for "goods and acts [he] was supposed to get" under Bureau of Prison policies during the five and one half years it took to complete his federal

criminal proceedings. (Id. at 2.) Even if the Court were to assume that is what Petitioner intended to seek in his original petition, there is no basis either in law or fact to grant such a request in a case filed pursuant to 28 U.S.C. § 2241. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y, Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same). As Petitioner concedes in his objections he is not challenging the validity of his current confinement or the circumstances affecting the duration of his current confinement, he would not be entitled to relief even if he had followed Court orders to submit a proper motion to proceed IFP or pay the filing fee.

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, as expanded upon herein, as its opinion, and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2241 without prejudice.

Further, a state prisoner seeking relief under § 2241 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal.") This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA

in this case.  Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this ____ day of January, 2021, at Augusta, Georgia.


_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3